# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

EVERETTE SIMMONS,

    Petitioner,

v.

WARDEN SUZANNE HASTINGS,

    Respondent.

CIVIL ACTION NO.: 2:14-cv-183

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Everett Simmons ("Simmons"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 9.) Simmons filed a Response to this Motion. (Doc. 11.) For the reasons which follow, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, Simmons' Petition be **DISMISSED**, this case be **CLOSED**, and Simmons be **DENIED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Simmons also filed a Motion to Expedite Proceedings, (doc. 13), which is **DISMISSED** as moot.

## BACKGROUND

After a jury trial in the Eastern District of Missouri, Simmons was found guilty of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 9-8, p. 2.) Simmons was sentenced to 110 months' imprisonment. (Id.) Simmons' trial counsel filed an Anders v. California, 386 U.S. 738 (1967), brief with the Eighth Circuit Court of Appeals and challenged the Government's trial witnesses' credibility.

Simmons filed a pro se brief to challenge the district court's drug quantity and sentence enhancement determinations. The Eighth Circuit affirmed the judgment of the Eastern District of Missouri. United States v. Simmons, 404 F. App'x 100 (8th Cir. 2010), *cert. denied*, Simmons v. United States, No. 10-10346, 131 S. Ct. 2978 (June 6, 2011).

In 2011, Simmons filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri. In that Petition, Simmons asserted: his involvement in the conspiracy rested solely on his co-conspirators' statements of past activities they already achieved, in violation of Federal Rules of Evidence 801(d)(2)(E); trial counsel was ineffective by not challenging the use of the Government's expert, Salvatore Cira; the jury was tampered with because a Drug Enforcement Agency agent had a conversation with a juror; the prosecution used a surprise rebuttal witness, Amanda Gabriel; counsel was ineffective because he failed to file a motion for judgment of acquittal; the Government presented a false date for the end of the conspiracy, which was a deliberate deception; he was prejudiced because his counsel was ineffective; and prosecutorial misconduct. (Doc. 9-6, pp. 21–44.) In denying Simmons' motion, the Eastern District of Missouri determined that Simmons' ineffective assistance of counsel claims were without merit and that he had procedurally defaulted on his remaining claims. (Doc. 1-1, pp. 3–15.) Simmons filed a motion for reconsideration of the order denying his Section 2255 motion, and the Eastern District of Missouri denied his motion. Simmons filed an appeal, and the Eighth Circuit denied Simmons a certificate of appealability and dismissed his appeal. (Doc. 9, p. 3.) The United States Supreme Court denied his petition for writ of certiorari. Simmons v. United States, No. 13-7948, 134 S. Ct. 1045 (Jan. 27, 2014).

DISCUSSION

In his instant Petition, filed on December 29, 2014, Simmons asserts he was denied a fair and impartial trial, in violation of the Sixth Amendment, as well as the due process clauses of the Fifth and Fourteenth Amendments. Simmons states the indictments against him were defective because the indictments list the end of the conspiracy as occurring on December 4, 2008, and July 9, 2009, even though the evidence at trial showed the conspiracy ended on October 30, 2008. (Doc. 1, p. 2.) Simmons also states the trial court erred by denying his motion to sever, which deprived him of "an appreciable chance for acquittal[.]" (Id. at p. 12.) Simmons maintains his co-conspirators' statements were admitted improperly, in violation of Federal Rules of Evidence 801(d)(2)(E). (Id. at p. 14.) Simmons asserts the trial court also allowed one of his co-conspirators to offer perjured testimony. (Id. at p. 17.) Simmons also contends the trial court erred by allowing Salvatore Cira to provide his expert testimony regarding drug couriers' practices as substantive evidence. (Id. at p. 18.) Simmons states a Drug Enforcement Agency agent had a private conversation with a juror, and the trial judge did not conduct a "proper" hearing to determine whether that contact was harmless. (Id. at p. 20.) Simmons avers the Government's rebuttal witness, Amanda Gabriel, should have been excluded because her testimony was irrelevant and misled the jury. (Id. at p. 23.) Finally, Simmons asserts the trial court erred in denying his valid motion for acquittal because the jury could not have found him guilty of the charged offenses based on the evidence presented. (Id. at p. 24.)

Respondent asserts Simmons fails to satisfy 28 U.S.C. § 2255's savings clause and cannot proceed on the merits in his Section 2241 petition. Respondent maintains Simmons does nothing more than present "a litany of errors that he could have, and should have, raised before." (Doc. 9, p. 4.)

In response, Simmons maintains the Government failed to carry its burden of producing legal evidence making his actions criminal in nature, which directly conflicts with his presumption of innocence. (Doc. 11, p. 6.) Simmons avers he did not procedurally default his claims because his counsel filed an Anders brief on direct appeal, and Simmons only attacked drug quantity and sentencing enhancement determinations because he was "not knowledgeable of the law[.]" (Id. at p. 9.) Simmons states he was convicted of a non-existent offense. Simmons also avers he is actually innocent of being involved in a conspiracy because "the record clearly shows that [he] has never entered into any agreement to do one illegal act or any (sic) evidence was presented at trial stated [he] has done an illegal act." (Id. at p. 18.)

## I.  Section 2241 Petition

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

4

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions— although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Simmons previously brought a Section 2255 motion in the district of his conviction, and he raised the same issues in that motion as he does in the instant Petition. Simmons' Section 2255 motion was denied as bringing procedurally defaulted claims or claims without merit, and he fails to cite any Eighth Circuit precedent which foreclosed his claims on this

previous occasion. The mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make that Section's remedy inadequate or ineffective. See <u>Jones v. Warden, FCC Coleman, Medium</u>, 520 F. App'x 942, 945 (11th Cir. 2013). Though Simmons states he is proceeding under Section 2241, it is evident he is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Simmons fails to set forth any newly discovered evidence which establishes his innocence or any retroactively applicable Supreme Court decision which was previously unavailable to him; thus, Simmons does not fulfill the first condition to invoke the savings clause or to proceed under Section 2255(h). Simmons does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 petition. Because Simmons has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. <u>Dean v. McFadden</u>, 133 F. App'x 640, 642 (11th Cir. 2005).

For these reasons, the Court should grant Respondent's Motion to Dismiss and dismiss Simmons' petition for writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Simmons leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Simmons has, of course, not yet filed a

notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Simmons' petition and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 9), be **GRANTED**. It is also my **RECOMMENDATION** that Simmons' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED** and this case be **CLOSED**. I further **RECOMMEND** that Simmons be **DENIED** leave to proceed *in forma pauperis* on appeal and a certificate of appealability. Simmons' Motion to Expedite Proceedings, (doc. 13), is **DISMISSED** as moot.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Simmons and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA