# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| EVERETTE SIMMONS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: CV214-183 |
| | * | |
| v. | * | |
| | * | |
| WARDEN SUZANNE HASTINGS, | * | |
| | * | |
| Respondent. | * | |

### ORDER

Presently before the Court are Petitioner Everette Simmons' ("Simmons") Objections to the Magistrate Judge's Report and Recommendation dated June 18, 2015. Dkt. No. 16. After an independent and *de novo* review of the entire record, the Court **OVERRULES** Simmons' Objections, dkt. no. 19, and **CONCURS** with the Magistrate Judge's Report and Recommendation. The Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. Consequently, Respondent's Motion to Dismiss, dkt. no. 9, is **GRANTED**, and Simmons' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, dkt. no. 1, is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Furthermore, for the reasons stated in the Magistrate

Judge's Report and Recommendation, Simmons is hereby **DENIED** a certificate of appealability, and he is **DENIED** leave to appeal *in forma pauperis*.

I.  **Background**

Simmons is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia. Simmons was convicted in the Eastern District of Missouri after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Simmons was sentenced to 110 months' imprisonment. Dkt. No. 9-8, p. 2. Simmons' trial counsel filed an Anders v. California, 386 U.S. 738 (1967), brief with the Eighth Circuit Court of Appeals and challenged the Government's trial witnesses' credibility. Simmons filed a pro se brief to challenge the district court's drug quantity and sentence enhancement determinations. The Eighth Circuit affirmed the judgment of the Eastern District of Missouri. United States v. Simmons, 404 F. App'x 100 (8th Cir. 2010), *cert. denied*, Simmons v. United States, No. 10-10346, 131 S. Ct. 2978 (June 6, 2011).

In 2011, Simmons filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri. In that motion, Simmons asserted: his involvement in the conspiracy rested solely on his co-conspirators' statements of past activities they already

achieved, in violation of Federal Rules of Evidence 801(d)(2)(E); trial counsel was ineffective by not challenging the use of the Government's expert, Salvatore Cira; the jury was tampered with because a Drug Enforcement Agency agent had a conversation with a juror; the prosecution used a surprise rebuttal witness, Amanda Gabriel; counsel was ineffective because he failed to file a motion for judgment of acquittal; the Government presented a false date for the end of the conspiracy, which was a deliberate deception; he was prejudiced because his counsel was ineffective; and prosecutorial misconduct. Dkt. No. 9-6, pp. 21-44. In denying Simmons' motion, the Eastern District of Missouri determined that Simmons' ineffective assistance of counsel claims were without merit and that he had procedurally defaulted on his remaining claims. Dkt. No. 1-1, pp. 3-15. Simmons filed a motion for reconsideration of the order denying his Section 2255 motion, and the Eastern District of Missouri denied his motion. Simmons filed an appeal, and the Eighth Circuit denied Simmons a certificate of appealability and dismissed his appeal. Dkt. No. 9, p. 3. The United States Supreme Court denied Simmons' petition for writ of certiorari. <u>Simmons v. United States</u>, No. 13-7948, 134 S. Ct. 1045 (Jan. 27, 2014).

Simmons commenced this action on December 29, 2014, by filing a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241. Simmons offered numerous arguments in support of his Petition. He asserted he was denied a fair and impartial trial, in violation of the Sixth Amendment, as well as the due process clauses of the Fifth and Fourteenth Amendments. Simmons also asserted the indictments against him were defective because the indictments listed the end of the conspiracy as occurring on December 4, 2008, and July 9, 2009, even though the evidence at trial showed the conspiracy ended on October 30, 2008. Dkt. No. 1, p. 2.

Additionally, Simmons alleged the trial court erred by denying his motion to sever, which deprived him of "an appreciable chance for acquittal[.]" Id. at p. 12. He averred his co-conspirators' statements were admitted improperly, in violation of Federal Rules of Evidence 801(d)(2)(E). Id. at p. 14. Simmons asserted the trial court also allowed one of his co-conspirators to offer perjured testimony. Id. at p. 17.

Simmons also contended the trial court erred by allowing Salvatore Cira to provide his expert testimony regarding drug couriers' practices as substantive evidence. Id. at p. 18. He further stated a Drug Enforcement Agency agent had a private conversation with a juror, and the trial judge did not conduct a "proper" hearing to determine whether that contact was harmless. Id. at p. 20. Simmons averred the Government's rebuttal witness, Amanda Gabriel, should have been excluded because her

testimony was irrelevant and misled the jury. Id. at p. 23. Finally, Simmons asserted the trial court erred in denying his valid motion for acquittal because the jury could not have found him guilty of the charged offenses based on the evidence presented. Id. at p. 24.

The Magistrate Judge determined Simmons failed to satisfy Section 2255's savings clause. Dkt. No. 16, pp. 5-6. The Magistrate Judge also determined Simmons' Section 2241 petition was nothing more than an attempt to file a second or successive Section 2255 motion pursuant to 28 U.S.C. § 2255(h). Id. at p. 6. Accordingly, the Magistrate Judge recommended Respondent's Motion to Dismiss be granted and Simmons' petition be dismissed.

Simmons filed Objections to the Magistrate Judge's Report and Recommendation. In his Objections, Simmons maintains his Federal Rule of Evidence 801(d)(2)(E) claim was "fraudulently procedurally barred" by the trial court judge.[1] Dkt. 19, p. 2. Simmons asserts this issue was not raised on direct appeal, which reveals an instance of ineffective assistance of counsel since his counsel filed an Anders brief. According to Simmons, his Rule 801(d)(2)(E) claim "is a very serious and [meritorious] issue[,]" and the failure of the district court judge to rule on

---

[1] A statement which "is offered against an opposing party and" "was made by the party's coconspirator during and in furtherance of the conspiracy[ ]" is not hearsay. Fed. R. Evid. 801(d)(2)(E).

the merits of this claim "warrants [his] conviction to be overturned." Id.

The basis of Simmons' Rule 801(d)(2)(E) argument before the Eastern District of Missouri court was that hearsay statements were used against him in violation of Rule 801(d)(2)(E) because these statements were made to authorities after the end of the conspiracy. Dkt. No. 9-6, p. 5. Simmons also argued his appointed counsel was ineffective because he failed to review and understand the hearsay exceptions and did not present any argument against these statements' admissibility. Id. at pp. 21-22. Simmons averred that, if the admissibility of these statements would have been challenged, his counsel "would have prevented a miscarriage of justice and would have been able to file a proper motion to have the case dismissed." Id. at p. 22.

Upon review of Simmons' motion and the Government's response thereto, the Eastern District of Missouri grouped Simmons' grounds for relief in three (3) general categories: prosecutorial misconduct, jury tampering, and ineffective assistance of counsel. Dkt. No. 9-8, p. 4. As relevant here, the Eastern District of Missouri noted Simmons' assertion that the Government deliberately deceived the court by giving a false date for the end of the conspiracy so that it could use statements from his coconspirators, in violation of Rule 801(d)(2)(E). Id. The Missouri court determined this

issue was either decided adversely on appeal or could have been raised on appeal, which foreclosed consideration in his Section 2255 motion absent a showing of cause and prejudice. Id. at pp. 7-8. That court also noted Simmons' assertion was "merely an attempt to put a new spin on the credibility challenge that was previously determined on direct appeal, and is thus procedurally defaulted." Id. at p. 8. The Eastern District of Missouri noted that, on Simmons' direct appeal, the Eighth Circuit Court of Appeals had: concluded sufficient evidence supported Simmons' conviction; held that credibility determinations were within the jury's province; and made an independent review of the record but found no nonfrivolous issues for appeal. Id.

As to Simmons' contention his counsel provided ineffective assistance for failing to file a pretrial motion to challenge the statements of his coconspirators, the Eastern District of Missouri determined Simmons' claim must fail. First, the court noted the record refuted Simmons' assertions, as Simmons had waived his right to file any pretrial motions in open court and under oath. Id. at p. 9. The Missouri court found Simmons' waiver to be a strategic decision, and he failed to satisfy the

Strickland v. Washington, 466 U.S. 668 (1984), standard[2] on this or any other ineffective assistance claim. Id.

Contrary to Simmons' assertions in his Objections, the Eastern District of Missouri addressed his Rule 801(d)(2)(E) arguments as a claim of prosecutorial misconduct and as a claim of ineffective assistance of counsel. Simmons raised his Rule 801(d)(2)(E) argument in his motion for reconsideration of the denial of his Section 2255 motion, and claimed he was entitled to his requested relief. Mot. for Recons. at 3-4, Simmons v. United States of America, (E.D. Mo. Nov. 26, 2012), ECF No. 14. The Missouri court found Simmons' motion was nothing more than a reiteration of his Section 2255 motion, which the court had already considered and rejected. Mem. & Order at 6, Simmons v. United States of America, (E.D. Mo. Mar. 5, 2013), ECF No. 20.

## II. Discussion

As the Magistrate Judge determined, Simmons fails to satisfy Section 2255's savings clause to permit him to proceed

---

[2] "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

with his Section 2241 petition. To proceed under Section 2241, Simmons must show the remedy afforded by Section 2255 is "inadequate or ineffective" to challenge the validity of his conviction. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). It is evident Simmons is displeased with the Eastern District of Missouri's determination that his Rule 801(d)(2)(E) claim was procedurally defaulted as a prosecutorial misconduct claim or, in the alternative, was a non-meritorious ineffective assistance of counsel claim. Simmons' displeasure with this ruling, however, is an insufficient basis for relief pursuant to Section 2241. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted). Simmons fails to meet his burden of demonstrating Section 2255's remedy

is ineffective or inadequate, and he cannot proceed in this Court via his Section 2241 petition as a result.[3]

### III. Conclusion

Simmons' Objections, dkt. no. 19, are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented

---

[3] By Simmons' own admission, neither he nor his attorney raised a Rule 801(d)(2)(E) argument on appeal. Dkt. No. 19, p. 5. As the Eastern District of Missouri noted, this is an issue which could have been raised on appeal, but Simmons (who also filed a *pro se* brief) did not, which caused him to procedurally default this argument. Dkt. No. 9-8, p. 8. In both the Eleventh Circuit and the Eighth Circuit, a petitioner's failure to raise a claim on direct appeal results in procedural default of that claim, which can only be overcome with a showing of cause for the default and resultant prejudice or a showing of actual innocence.

In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). There are two exceptions to the procedural default rule. A defendant can overcome "application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (internal citation omitted) (alteration in original). "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. (citing Dretke v. Haley, 541 U.S. 386, 388 (2004)).

The Eighth Circuit has stated, "[a] § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." Meeks v. United States, 742 F.3d 841, 844 (8th Cir. 2014) (citing Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005)). If a petitioner does not allege he is "actually innocent", he "must demonstrate cause and actual prejudice to excuse their procedural default." Id. (citing Charboneau v. United States, 702 F.3d 1132, 1136 (8th Cir. 2013)). Under both Eleventh Circuit and Eighth Circuit precedent, Simmons cannot overcome his procedural default.

herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss, dkt. no. 9, is **GRANTED**. Simmons' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Simmons is **DENIED** a certificate of appealability. Simmons is also **DENIED** in forma pauperis status on appeal.

**SO ORDERED**, this 5 day of August, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA